72 F.3d 126
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Dexter Drake COFFIN, III; Jo Anne J. Coffin, Plaintiffs-Appellants,
v.
Tracy Collette BRIDGES, Defendant-Appellee.
 No. 95-1781.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 30, 1995.
Decided Dec. 11, 1995.
 
 ARGUED: Robert Wiley King, Greenbelt, Maryland, for Appellants.
 Benjamin Saul Vaughan, ARMSTRONG, DONOHUE & CEPPOS, CHARTERED, Rockville, Maryland, for Appellee.
 Before NIEMEYER and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Dexter D. Coffin, III and Joanne Coffin brought this diversity action against Tracy Collette Bridges claiming damages for negligence and loss of consortium resulting from an automobile accident between Bridges and Mr. Coffin ("Coffin"). Among other things, Coffin sought compensatory damages for bodily injuries and mental anguish. During discovery Coffin refused to provide Bridges or her lawyer with mental health care records that could have been relevant to Coffin's alleged injuries. After several warnings, the district court dismissed the Coffins' complaint with prejudice. The Coffins appeal the dismissal order primarily arguing that the district court failed to comply with the procedures set forth in Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503 (4th Cir.1977), cert. denied, 434 U.S. 1020 (1978). For the following reasons, we reject the Coffins' argument and affirm.
 
 I.
 
 2
 The accident occurred on March 16, 1992, when according to Coffin, he was travelling on I-495 in Maryland and Bridges struck his automobile from behind. The Coffins filed their complaint on January 25, 1993, in the United States District Court for the District of Maryland. The Coffins are citizens of Virginia, and Bridges is a citizen of Maryland.
 
 
 3
 On April 15, 1993, Bridges served discovery requests on the Coffins that requested the production of medical records, including mental health care records. The Coffins complied with the discovery requests, except that Coffin refused to authorize the release of mental health records from the William J. Farley Institute for Recovery. Coffin had been a patient at the Farley Institute, where he had apparently undergone rehabilitative addiction treatment. Coffin asserted that his Farley Institute records were privileged and not otherwise discoverable because he had not introduced his mental condition as an element of his claim. Of course, Bridges argued just the opposite.
 
 
 4
 On October 31, 1994, Bridges filed a motion to compel discovery. The district judge referred the matter to a magistrate judge. On November 3, 1994, Coffin filed a motion for a protective order and motion in limine. The district judge denied Coffin's motions that same day, stating that "the Court is unpersuaded that [defendant's] requests are not reasonably calculated to lead to admissible evidence." Coffin, however, continued to refuse to produce the documents or to authorize their release.
 
 
 5
 On November 8, 1994, the magistrate judge issued a show cause order, directing Coffin to show cause by November 23, 1994, "why an Order should not be passed: a. dismissing this case with prejudice for plaintiff's failure to respond to discovery requests; and b. awarding this defendant such other and further relief as the Court may direct under any appropriate statute or the Federal Rules of Civil Procedure." The magistrate judge's order also warned that Coffin's "failure to timely comply with this Show Cause Order and show good cause why he failed to reasonably respond to discovery requests may result in his action being dismissed with prejudice."
 
 
 6
 Coffin filed a timely response to the show cause order and argued that the only dispute in discovery had been over Bridges' request for authorization for the release of records at the Farley Institute. Coffin also argued, among other things, (1) that the documents were mental health records protected under both the laws of Virginia and Maryland, (2) that because he had not placed his mental condition at issue in the case, the documents were not relevant, and (3) that Bridges had failed to subpoena the records.
 
 
 7
 On January 12, 1995, the Coffins' original lawyer, Stephen H. Ring, was granted leave to withdraw from the case. Ring apparently withdrew upon learning that Coffin had been incarcerated. It also appears that neither Ring nor Coffin informed the court or defense counsel that Coffin had been incarcerated or of Coffin's place of incarceration.
 
 
 8
 On January 20, 1995, the magistrate judge issued a memorandum and order (order to compel) granting Bridges' motion to compel and directing Coffin to provide the mental health records within 30 days or to provide necessary authorization for their release within 15 days. The magistrate judge noted that Coffin had responded to the show cause order by indicating that the requested documents were not relevant despite the district judge's earlier determination that the document request was reasonably calculated to lead to admissible evidence.
 
 
 9
 The clerk of the court mailed the order to compel to counsel of record for all parties. In addition, on January 26, 1995, Bridges' lawyer mailed a copy of the order to compel to Coffin's last known address.
 
 
 10
 On February 17, 1995, the district judge, in a letter addressed to Bridges' lawyer with a copy sent to Coffin at his last known address, inquired whether Coffin had complied with the magistrate judge's order to compel. The district judge made it clear that the letter was also directed to Coffin: "By copy of this letter, Mr. Coffin is apprised of the contents hereof." The judge noted that the order to compel "required the plaintiff to provide [defense counsel] with certain records of treatment or an authorization to obtain the same" and expressly warned that if there had not been compliance, an order of dismissal would be entered "forthwith dismissing this case with prejudice for failure to obey an order of Court."
 
 
 11
 Coffin never complied with the order to compel, nor did he respond to the district judge's letter. Accordingly, on February 27, 1995, the district judge signed an order dismissing the complaint with prejudice, finding that "the Plaintiff has failed to comply with the Orders of this Court." The dismissal order encompassed Mrs. Coffin's claim. The Coffins now appeal.
 
 II.
 
 12
 Imposition of sanctions for discovery infractions is within the discretion of the trial court. However, in the case of dismissal with prejudice or the entry of a default judgment, "the Trial Court's 'range of discretion is more narrow' than when the Court is imposing other less severe sanctions." Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503 (4th Cir.1977), cert. denied, 434 U.S. 1020 (1978) (quoting Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 993 (8th Cir.1975)). Accordingly, the discretion to impose the severest sanctions is circumscribed by Wilson 's four-part test, which we discuss below.
 
 
 13
 The Coffins argue that the district judge abused his discretion when he ordered dismissal of their complaint with prejudice because (1) Coffin did not make his mental condition an issue in the case, (2) the district judge failed to consider lesser sanctions, (3) there is no indication that Coffin received the magistrate judge's order to compel issued on January 20, 1995, and (4) the district judge failed to make the required findings under Wilson.
 
 
 14
 The Coffins' first and third points are without merit. Coffin seeks damages for mental anguish, and, of course, "harm" is an element of a negligence claim. Thus, Coffin's mental condition is an issue in this case.[1] As for the lack of record evidence indicating that the Coffins actually received the order to compel, the Coffins have conspicuously failed to state that they did not receive the order. And, as stated, not only did the clerk mail a copy of the order to the Coffins' former counsel but defense counsel also mailed the order to Coffin's last known address. If Coffin did not receive the order, or if he received it late, then he is at fault because he failed to notify the court and defense counsel of his change of address.
 
 
 15
 The Coffins' second point, that the district judge did not consider lesser sanctions, is subsumed in their fourth point, that the district judge erroneously failed to apply Wilson 's four-part test. Under Wilson, before a court dismisses a complaint with prejudice as a result of a party's failure to comply with discovery, the court must determine:
 
 
 16
 (1) whether the noncomplying party acted in bad faith;
 
 
 17
 (2) the amount of prejudice the noncompliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence the party failed to produce;
 
 
 18
 (3) the need for deterring the particular type of noncompliance; and
 
 
 19
 (4) the effectiveness of less drastic sanctions.
 
 
 20
 Wilson, 561 F.2d at 503-06.
 
 
 21
 Although the district judge did not address each of these factors in his dismissal order here, we do not believe he was required to do so under the circumstances. The decision in Wilson presupposes that the party facing the sanction of dismissal with prejudice will have contested the propriety of such a sanction in the district court. See Wilson, 561 F.2d at 502 (stating that counsel "strenuously objected" to the entry of default judgment and urged the district court to grant a full scale rehearing after default judgment was granted).
 
 
 22
 Here, however, Coffin offered no response to the magistrate judge's order to compel or to the district judge's letter warning of impending dismissal. For all the district judge knew, Coffin had reached the decision to forego his claims in the face of the magistrate judge's order to compel.[2] Moreover, the fact that the district judge was considering the sanction of dismissal with prejudice should not have come as a surprise. Even in the absence of the district judge's letter, Coffin had been specifically warned by the magistrate judge's show cause order of November 8, 1994, that dismissal with prejudice was the sanction that would be imposed. Cf. Hathcock v. Navistar Intern. Transp. Corp., 53 F.3d 36, 40 (4th Cir.1995) (vacating default judgment and remanding to district court for consideration of Wilson factors but stating that "if a warning had been given, another case would be presented") (citation and internal quotes omitted).
 
 
 23
 In sum, in this case, where the sanction of dismissal with prejudice was threatened twice by the court and Coffin did not contest the propriety of that sanction, the district judge did not abuse his discretion by not discussing the Wilson factors in the dismissal order. In other words, the normal obligation to apply Wilson was excused in the face of Coffin's complete failure to object or respond to the threatened sanction.
 
 III.
 
 24
 The district court's order of dismissal with prejudice is affirmed.
 
 
 25
 AFFIRMED.
 
 
 
 [1]
 Under Maryland law, mental health records are not privileged when the patient introduces his mental condition as an element of his claim. Md. Cts. & Jud. Proc. Sec. 9-109 (1995). In Virginia, pursuant to subpoena or patient authorization, mental health records are also discoverable. Va.Code Ann. Sec. 8.01-413 (1995)
 
 
 [2]
 The Coffins argue that it is unfair to dismiss Mrs. Coffin's claim because her husband failed to respond to the district judge's letter or the magistrate judge's order to compel. Yet, because Mrs. Coffin's loss of consortium claim derived from her husband's negligence claim, it could not survive the dismissal of the negligence claim