Cynthia Denise **SADLER**, Plaintiff,

v.

**DIMENSIONS HEALTH CORP.**, Allan Atzrott, and Sharon Schiefelbein, Defendants.

Civ. No. PJM 97–356.

United States District Court, D. Maryland.

Jan. 9, 1998.

---

Kevin J. McCarthy, Stanley Derwin Brown, McCarthy, Bacon & Costello, Lanham, MD, Leonard Glen Pinkney Muhammad, Washington, DC, for Plaintiff.

J. Michael McGuire, Robert H. Ingle, III, Shawe & Rosenthal, Baltimore, MD, for Defendant.

## *OPINION*

MESSITTE, District Judge.

### I.

The parties in this case have filed cross-motions to dismiss. Defendants Dimensions Health Corporation, Atzrott, and Schiefelbein have asked for dismissal with prejudice based on Plaintiff Sadler's failure to provide discovery and her violation of an order of court. Sadler seeks dismissal without prejudice in order to obtain new counsel and re-file her suit at another time. The Court will dismiss the suit without prejudice, but will do so only if Sadler complies with the conditions hereinafter set out.

### II.

Cynthia Sadler is a licensed physician who held obstetrics and gynecology privileges at Prince George's Hospital Center (PGHC), which is operated by Dimensions. Sadler, a black female, alleges that beginning in 1994 she suffered harassment in the form of "constant badgering, scrutiny and undermining [of] her authority" by doctors, nurses and administrators at PGHC, and that this harassment was motivated by racism and sexism. She says that when she complained

about being treated differently from white male doctors, Dimensions retaliated in various ways. Dimensions purportedly took actions that adversely affected her work at PGHC, recommending, for example, that her privileges not be extended beyond July 27, 1997. She also says this information was reported by Dimensions to the National Practitioners' Data Bank, a national clearinghouse for information on health care providers, as a result of which her ability to find work has suffered. The Amended Complaint consists of claims for employment discrimination, defamation, tortious interference with contract, intentional infliction of emotional distress, and breach of contract against not only Dimensions but also several individuals associated with Dimensions, including several current or past members of its Board of Directors.[1] Sadler seeks declaratory and injunctive relief as well as compensatory and punitive damages. Dimensions, Atzrott, and Schiefelbein have answered, denying most of Sadler's material allegations and asserting eleven affirmative defenses, including immunity, privilege, failure to exhaust remedies, truth of representations, and statute of limitations.

### III.

The events surrounding Sadler's non-compliance with orderly discovery procedures warrant extended comment.

Defendants originally noticed Sadler's deposition for April 24, 1997 with the concurrence of Sadler's then-counsel. Not long after, Sadler's counsel withdrew from the case and the parties agreed to re-schedule Sadler's deposition for June 11, 1997. That date was agreed to by Sadler's replacement counsel. However, at approximately 5:00 p.m. on June 10, 1997, replacement counsel called counsel for Defendants and left a message advising that Sadler would not appear for her deposition the next morning.

Inasmuch as the discovery deadline was drawing near, Defendants requested that the Court modify its Scheduling Order to permit re-scheduling of Sadler's deposition. On June 20, 1997, the Court granted the request and ordered Sadler to submit to a deposition at Defendants' convenience on or before July 15, 1997, noting that it would entertain a motion for sanctions against Sadler for her prior failures to appear.

Defendants then noticed Sadler's deposition for July 10, 1997. Sadler appeared on that date with counsel and was deposed for approximately 5 hours. At that point, however, Sadler asked that the deposition be continued, suggesting that she did not know that the deposition might last all day and that she had professional commitments which required her attention. Defense counsel agreed to continue the deposition but did so with the understanding that Sadler would promptly make herself available for a resumed deposition at a later date. Sadler and her counsel agreed to resume the deposition on July 16, 1997. Shortly, thereafter, the Court granted Plaintiff's replacement counsel's motion to withdraw from the case.

Defense counsel then attempted to communicate with Sadler directly. Specifically, on July 15, 1997, defense counsel called Sadler to confirm whether she would appear at the continuation of her deposition scheduled for the next morning. Sadler stated that she would not appear, that she was attempting to secure new counsel and had been advised by prospective counsel that she should not go forward with the deposition. Once again defense counsel was amenable to a continuation of the deposition. But by July 22, 1997, having heard nothing from Sadler or substitute counsel, defense counsel unilaterally noticed Sadler's deposition for August 12, 1997.

On July 24, 1997, responding to the new notice, Sadler contacted defense counsel and advised that she had not retained new counsel and that she would be unable to attend

---

1. Sadler's original Complaint named Atzrott, Schiefelbein and Dimensions as Defendants. In her Amended Complaint, Sadler has added several other individual defendants associated with Dimensions. It does not appear that the Amended Complaint was ever served on any of these individuals. Since the later-named Defendants have not filed an answer or a motion for summary judgment in response to the Amended Complaint, leave of court is not required for dismissal of the claims against them. Fed. R.Civ.P. 41(a)(1). Accordingly, Sadler's motion will be granted with respect to those Defendants without conditions.

the August 12, 1997 deposition due to professional commitments. She declined, however, to discuss alternative deposition dates—or indeed any other aspect of the case—until she had retained new counsel. She then filed a *pro se* request with the Court asking for an extension of time to enable her to secure new counsel.[2] After receiving defense counsel's reply to this letter, the Court, on August 11, 1997, ordered Sadler—"with or without counsel"—to submit to a deposition at Defendants' convenience within 30 days and to answer Defendants' then pending interrogatories—responses to which were already long overdue—within the same time limit. On September 3, 1997, defense counsel sent Sadler a fax noting a new deposition date of September 8, 1997. To this, Sadler apparently paid no mind, not only failing to show up on September 8, but giving defense counsel no advance notice that she would not appear. On September 12, 1997, she asked for voluntary dismissal of her suit.

### IV.

 A court has discretion to impose sanctions—including dismissal or default—when a party fails to provide court-ordered discovery or to appear for a deposition. Fed. R.Civ.P. 37(b), 37(d), and 41(b); *Mutual Federal Savings & Loan v. Richards & Associates*, 872 F.2d 88, 92 (4th Cir.1989); *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503–06 (4th Cir.1977). When dismissal is contemplated, however, the district court's discretion is limited, since its "desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mutual Federal*, 872 F.2d at 92. Thus, a court seeking to impose dismissal as a discovery sanction under Rule 37 must inquire into: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice the noncompliance has caused the adversary, which necessarily in-

cludes an inquiry into the materiality of the evidence the party failed to produce; (3) the need for deterring the particular type of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mutual Federal*, 872 F.2d at 92; *Wilson*, 561 F.2d at 503–06.[3] Dismissal with prejudice is ordinarily reserved for the most egregious cases. *Dove v. Codesco*, 569 F.2d 807, 810 (4th Cir.1978) (dismissal with prejudice under Rule 41(b) only for "clear record of delay or contumacious conduct by the plaintiff").

In a line of cases dealing with defaults and dismissals with prejudice under Rule 37 and Rule 41, the Fourth Circuit has added another factor to the mix, i.e., that district courts must precede dismissal with an "explicit and clear" threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice. *Hathcock v. Navistar Int'l Transportation Corp.*, 53 F.3d 36, 40–41 (4th Cir.1995) ("this court has emphasized the significance of warning a defendant about the possibility of default [under Rule 37] before entering such a harsh sanction"); *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471 (4th Cir.1993) (party in case involving prejudicial dismissal under Rule 41 "is entitled to be made aware of this drastic consequence of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid it"); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 n. 2 (4th Cir.1987) (noting that warning to parties was a " 'salient fact' " which distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37). Indeed, the Fourth Circuit has noted that "[c]onsiderations of constitutional due process also suggest that the district court's warning must be explicit and clear." *Choice Hotels*, 11 F.3d at 471 n. 2.[4]

2. Since the letter was not copied to defense counsel, the Court forwarded a copy to them and invited a response by return mail.

3. In certain rare circumstances, courts have been allowed to forego discussion of these four factors, known as the "Wilson factors." See *Coffin v. Bridges*, 1995 WL 729489 (4th Cir.1995) (where party did not contest or respond to

court's threatened sanction of dismissal, no abuse of discretion for failure to discuss Wilson factors in dismissal order).

4. Even so, in extraordinary cases notice prior to dismissal for discovery abuse may not be possible. *See White v. Office of Public Defender for Maryland*, 170 F.R.D. 138, 148–49 n. 8 (D.Md. 1997) (dismissal for wilful destruction of evi-

While Sadler's conduct in the present case appears to suggest bad faith, prejudice to the Defendants, and the need for deterrence, the Court recognizes that Sadler was never explicitly and clearly warned that her failure to comply with the Court's discovery orders might result in dismissal of her case with prejudice. The Court also believes that a less drastic sanction may be appropriate. As a result, the Court is disinclined to dismiss Sadler's claim with prejudice under Rule 37(b), 37(d) or 41(b).

### V.

■ As distinguished from dismissal based on discovery abuse, however, a court does have discretion to dismiss the case with conditions as part of a plaintiff's request for voluntary dismissal. Fed.R.Civ.P. 41(a)(2); *Choice Hotels v. Goodwin & Boone,* 11 F.3d 469, 471 (4th Cir.1993); *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir.1987). Although voluntary dismissal under Rule 41(a)(2) should be "freely" given, in considering such a request the court must "focus primarily on protecting the interests of the defendant." *Davis,* 819 F.2d at 1273. Accordingly, Rule 41(a)(2) "permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." *Id.* The court, for example, may require that the dismissal will become prejudicial if certain conditions are not met, so long as considerations of due process and fundamental fairness are taken into account and the party requesting dismissal is given "explicit and clear" warning of the harsh consequences of failing to comply with the court's conditions. *Choice Hotels,* 11 F.3d at 469; *S.A. Andes v. Versant Corp.,* 788 F.2d 1033, 1037 (4th Cir.1986).

■ The Court concludes that this is an appropriate case to permit the Plaintiff to dismiss her suit without prejudice but to impose conditions which, if not timely met by her, will result in a dismissal *with prejudice.*

Sadler personally participated in the discovery abuses alleged both by scheduling appointments for the afternoon of her July 15, 1997 deposition and by failing to appear thereafter while acting pro se. *See Taylor v. Fresh Fields Markets, Inc.,* 1996 WL 403787, *2, (W.D.Va.1996) *aff'd,* 112 F.3d 510 (4th Cir.1997) ("this is not a case where a careless attorney has prejudiced his client; because plaintiff is proceeding pro se, he is 'personally responsible for the actions leading to dismissal.'") Indeed, the Court's August 11, 1997 required that Sadler submit to deposition and respond to interrogatories within 30 days, "[w]ith or without counsel." Sadler's inconsiderate fits and starts throughout the discovery process have clearly caused Defendants to incur costs and fees. These, in fairness, must be reimbursed if Sadler is permitted to return to Court at a later time. Accordingly, dismissal of Sadler's case without prejudice will be expressly conditioned on her timely payment of costs and fees as may hereafter be ordered by the Court.

*PLAINTIFF IS HEREBY EXPRESSLY AND EXPLICITLY WARNED: THE COURT INTENDS TO AWARD DEFENDANTS DIMENSIONS, ATZROTT AND SCHIEFELBEIN CERTAIN COSTS AND FEES IN THIS CASE. PLAINTIFF'S FAILURE TO PAY SAID COSTS AND FEES WITHIN 30 DAYS OF THE COURT ORDER AWARDING SAID COSTS AND FEES WILL RESULT IN DISMISSAL OF PLAINTIFF'S CLAIMS AGAINST SAID DEFENDANTS WITH PREJUDICE.*[5]

The Court will direct the three named Defendants to submit within 30 days motions and affidavits detailing their costs and fees incurred in preparing for Sadler's deposition from July 16, 1997 forward. Sadler shall have 15 days thereafter to respond. The Court will then make an appropriate award to Defendants of costs and fees. Sadler shall pay said amount to said Defendants within 30

---

dence; "party who has removed any possibility of warning by destroying evidence before a court order can be issued cannot in fairness thereby immunize herself from the ultimate sanction of dismissal").

5. But see Footnote 1.

days thereafter or suffer the indicated consequence.