**Annie PONTOON, Plaintiff,**

**v.**

**NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a Amtrak, and City of Durham, Defendants.**

**No. 1:97CV00946.**

United States District Court, M.D. North Carolina.

June 1, 1999.

Laurence D. Colbert, Durham, NC, for Annie Pontoon, plaintiff.

William Woodley Stewart, Jr., Millberg & Gordon, Raleigh, NC, Odes Lawrence Stroupe, Jr., Bode Call & Stroupe, Raleigh, NC, for National Railroad Passenger Corporation dba Amtrak, defendant.

Patrick W. Baker, Office of City Attorney, Durham, NC, for City of Durham, North Carolina, defendant.

## MEMORANDUM OPINION

OSTEEN, District Judge.

This matter is before the court pursuant to Defendants National Railroad Passenger Corporation, d/b/a Amtrak (Amtrak) and the City of Durham's motions for sanctions against Plaintiff Annie Pontoon (Pontoon), pursuant to Federal Rule of Civil Procedure 37. Magistrate Judge Russell A. Eliason recommended that this action be dismissed with prejudice as to Defendant Amtrak. After Plaintiff objected to the recommendation, the court reviewed the matter de novo. For the reasons set forth herein, the court will adopt the Magistrate's ruling with regard to the dismissal. The court will also dismiss with prejudice the City of Durham (City). The court will not order Plaintiff's attorney, Laurence D. Colbert, to pay costs and attorneys' fees to Amtrak or the City.[1]

## I. BACKGROUND

Plaintiff filed the instant action in the Superior Court of Durham County, Durham, North Carolina, in August 1997. Plaintiff alleges that in August 1994, she sustained serious injuries when she slipped on uneven pavement and gravel and fell to the ground at the Amtrak train station in Durham, North Carolina. She alleges further that Defendants were negligent in maintaining the train station and that Defendants' negligence caused Plaintiff's injuries. (Compl. ¶¶ 7–9, 14–23.) Defendants subsequently removed the action to this court.

In late September 1997, Amtrak served Interrogatories, Requests for Production of Documents and Requests for Admissions on Plaintiff. (Br.Supp.Def. Amtrak's Second Mot. for Sanctions at 2.) Plaintiff's responses were due on November 3, 1997. Although Plaintiff did belatedly serve Defendants her response to the Requests for Admissions, she failed to respond to Amtrak's Interrogatories and Requests for Production. *Id.*

In November 1997, the Joint Rule 26(f) Report and Order was filed. (Order, Nov. 26, 1997.) The report indicated that all discovery would be completed by May 5, 1998. *Id.* at 2. Reports from retained experts were due from each party on or before February 23, 1998. *Id.* Plaintiff has failed to provide any expert reports, including those from her treating physicians. (Br.Supp.Def. Amtrak's Second Mot. for Sanctions at 3.)

Although Defendants were diligent in requesting Plaintiff to respond to the outstanding discovery requests served on Plaintiff by Amtrak in September 1997, Plaintiff refused to comply with the requests. As a result, in March 1998, Amtrak served Plaintiff with a nearly identical second set of Interrogatories and Requests for Production of Documents. Responses to these discovery requests were due from Plaintiff on April 9, 1998. *Id.*

Defendants deposed Plaintiff and her sister in late March 1998. At the depositions, Plaintiff advised both Amtrak and the City that responses to the outstanding discovery requests would be forthcoming in the near future. Responses were not provided. In late April 1998, both Amtrak and the City again requested responses from Plaintiff and reminded Plaintiff of the May 5, 1998, discovery deadline. Counsel for the City further advised Plaintiff's counsel that an extension of the discovery deadline was possible if Plaintiff could not complete the outstanding discovery requests by the May 5, 1998, dead-

---

1. The court's findings relate only to Plaintiff's counsel.

line. Plaintiff did not respond to these requests. *Id.* at 3–4.

During June and July 1998, Defendants left numerous telephonic messages with Plaintiff's counsel concerning Plaintiff's failure to respond to the outstanding discovery. Although Plaintiff's counsel did not return any of the messages, Amtrak did speak with Plaintiff's counsel on August 3, 1998. Amtrak memorialized the conversation in correspondence dated August 4, 1998, whereby Plaintiff was advised that if the discovery responses were not produced by August 11, 1998, Defendants would file a joint motion to compel discovery. *Id.* at 4. Plaintiff did not serve the requested discovery responses by August 11, 1998, or anytime thereafter. *Id.*

As a result of Plaintiff's refusal to adhere to discovery requests and this court's order, Defendants filed a Joint Motion to Compel Discovery in August 1998. Additionally, in October 1998, Defendants filed a Joint Motion for Sanctions. Plaintiff failed to respond to either motion. *Id.* Furthermore, the City served Interrogatories and Requests for Production on August 7, 1998. (Br.Supp.Defs.' Joint Mot. Sanctions at 4.)

In November 1998, Magistrate Judge Eliason issued an order granting Amtrak's Motion to Compel. The City's Motion to Compel was denied because Defendants were seeking responses to Amtrak's discovery responses. (Order at 1, Nov. 6, 1998.) In the order, Plaintiff was directed to "fully and completely answer all questions to [Amtrak's discovery]" within ten days of the order. *Id.* at 2. "[P]laintiff [was] forewarned that should she fail to obey this court order, an order dismissing her case against defendant Amtrak will be entered." *Id.* Sanctions in the form of attorneys' fees against Plaintiff were reserved pending compliance with the order. *Id.* Plaintiff did not abide by the terms of the order. (Br.Supp.Def. Amtrak's Second Mot. for Sanctions at 5.)

Subsequently, the City filed a Motion to Compel Discovery, and Amtrak filed a Second Motion for Sanctions against Plaintiff and her counsel. On December 18, 1998, Magistrate Judge Eliason granted the City's Motion to Compel Discovery. Once again, Plaintiff was warned that if she failed to fully and completely comply with the order within ten days, her case against the City could and likely would be dismissed. Plaintiff was also cautioned that in addition to dismissal, the court could assess reasonable costs and attorneys' fees. (Order at 2, Dec. 18, 1998.) Moreover, in regard to Amtrak's Second Motion for Sanctions, Magistrate Judge Eliason recommended that Amtrak be dismissed with prejudice and that Plaintiff's counsel, Laurence D. Colbert, pay costs and attorneys' fees to Amtrak in the amount of $200.00. (Recommendation at 4, Dec. 18, 1998.) Plaintiff responded to the Motion to Compel and the Recommendation of the Magistrate Judge.

On December 21, 1998, the parties attended a pretrial conference with this court. At the hearing, the court questioned Plaintiff's counsel at length about the failure of Plaintiff to provide responses to the City's discovery requests. This court ordered Plaintiff to produce and deliver full and complete responses to the City's discovery to the Office of the City Attorney on or before 3:00 p.m., on December 28, 1998. (Order, Dec. 22, 1998.) Plaintiff was also ordered to produce a pretrial list of witnesses, including expert witnesses, and a precise statement of their anticipated testimony. *Id.* Finally, if the City found Plaintiff's responses to be inadequate, the City was to request from Plaintiff's counsel additional or supplemental responses which would be produced and delivered immediately to the Office of the City Attorney. *Id.*

Plaintiff delivered responses to the City's discovery requests at 4:45 p.m., on December 28, 1998. The responses were woefully inadequate. Not only were there no responses to several interrogatories, but many responses were incomplete. None of the responses were verified. Additionally, Plaintiff failed to provide: (1) complete medical records and bills; (2) expert witness reports; and (3) precise statements of the anticipated testimony of expert witnesses. (Br.Supp. City of Durham's Mot. Add'l Sanctions at 3–5.) The City diligently complied with the court's order by letter identifying the responses which were inadequate and both faxed and hand delivered the letter to Plaintiff's counsel on

December 30, 1998. Plaintiff failed to respond.

On February 11, 1999, the parties once again met with this court to discuss Plaintiff's refusal to abide by the terms of the court orders. Once again, Defendants and the court were frustrated with Plaintiff's inability to abide by court orders.

## II. DISCUSSION

### A. *Standard of Review*

Rule 37(b)(2) of the Federal Rules of Civil Procedure governs sanctions based on a party's failure to obey discovery orders. The rule provides, in pertinent part:

If a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . . .

(C) An order ... dismissing the action or proceeding or any part thereof. . . .

. . . .

In lieu of any order or in addition thereto the court shall require the party failing to act ... to pay reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2). Therefore, Rule 37 clearly provides that the failure of a party to obey a discovery order can lead to the dismissal of the action and the award of reasonable costs and expenses, including attorneys' fees.

■ The imposition of sanctions pursuant to Rule 37(b) is left to the sound discretion of the trial court. *See, e.g., Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 503 (4th Cir.1977). This court must consider four factors when considering whether to dismiss an action and impose monetary sanctions for failing to comply with a discovery order. *Mutual Federal Sav. and Loan Ass'n v. Richards & Assoc., Inc.,* 872 F.2d 88, 92 (4th Cir.1989). The factors include:

(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.[2]

*Id.* (citing *Wilson,* 561 F.2d at 503–06). In addition, the Fourth Circuit has emphasized that "courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions [or abide by the court's order] could result in dismissal of the party's case with prejudice." *Sadler v. Dimensions Health Corp.,* 178 F.R.D. 56, 59 (D.Md.1998) (citing *Hathcock v. Navistar Int'l Transp. Corp.,* 53 F.3d 36, 40–41 (4th Cir.1995)). For example, the Fourth Circuit recently approved a default judgment for discovery abuse under Rule 37 where the guilty party stonewalled discovery, failed to comply with a court order, gave meritless excuses, had been warned of the consequences, and had failed to pay prior sanction fees. *Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians,* 155 F.3d 500 (4th Cir.1998).

### B. *Analysis*

■ In this case, after examining the Fourth Circuit's *Wilson* factors, the court is confident that dismissal of Plaintiff's cause of action against both defendants is appropriate. The court will not, however, order Plaintiff's counsel, Laurence D. Colbert, to pay costs and attorneys' fees to Amtrak or the City. With regard to Amtrak, Magistrate Judge Eliason has recommended that Amtrak be dismissed from the case with preju-

---

**2.** In rare situations, courts will forego discussion of the four factors, known as the *Wilson* factors. *Sadler v. Dimensions Health Corp.,* 178 F.R.D. 56, 59 n. 3 (citing *Coffin v. Bridges,* 1995 WL 729489 (4th Cir.1995) (providing that it was not an abuse of discretion for the trial court to dismiss an action without discussing the *Wilson* factors where the party did not respond to or contest the court's threatened sanction of dismissal)).

dice. This court will adopt that portion of the Magistrate's Recommendation.

First, it is clear that Plaintiff has acted in bad faith and callous disregard in failing to produce discovery and comply with this court's orders. Not only did Plaintiff ignore the Rule 26(f) Pretrial Order, and the November 6, 1998, order, but Plaintiff failed to comply with multiple requests for the discovery made by defense counsel.

In addition, Defendants filed Joint Motions to Compel and for Sanctions in an attempt to secure discovery responses from Plaintiff. Plaintiff neither responded to the motions nor produced the discovery.

Finally, Plaintiff's attorney, Laurence D. Colbert, was reprimanded for engaging in similar conduct in this court in 1997. *See Daye v. General Motors Corp.*, 172 F.R.D. 173 (M.D.N.C.1997). In *Daye*, Judge Beaty dismissed the plaintiffs' action and ordered the plaintiffs' attorney, Laurence D. Colbert, to pay reasonable expenses, including attorneys' fees, as an appropriate sanction for the plaintiff and the plaintiff's counsel's consistent pattern of noncompliance with a pretrial discovery order and for ignoring the defendant's repeated requests for discovery. *Id.* at 178–79. The court is astounded that Mr. Colbert would engage in similar conduct that warranted dismissal of his clients' case in 1997.

The court does note, however, that Plaintiff did file a reply to the Magistrate Judge Eliason's Recommendation. In the reply, Mr. Colbert attributes his inaction to mental illness and its effect on his ability to work, including reduced stamina. (Pl.'s Resp.Mot. Compel and Recommend Dismissal of Action at 1.) Although the court is sympathetic to Mr. Colbert's condition, the court finds his explanation is without substantial merit.

The court cannot condone Plaintiff's counsel's egregious disregard of his responsibility. Amtrak's discovery requests were outstanding for approximately 15 months and nine months, respectively, at the time Mr. Colbert filed his response. At no point during the preceding months except during the status conference held December 22, 1998, did Mr. Colbert ever suggest that he was impaired due to reduced stamina associated with mental illness. Instead, Mr. Colbert refused to respond to Amtrak's repeated requests for outstanding discovery.[3] (Reply Def. Amtrak to Pl's. Response at 2–3.) Reduced stamina is no excuse for completely ignoring discovery requests and court orders.

Second, Plaintiff claims in the response that "[discovery] responses to the City of Durham have also been forwarded to counsel for Amtrak." (Pl.'s Resp.Mot. Compel and Recommend Dismissal of Action at 1.) However, at the time of the response, Amtrak had not received discovery responses from Plaintiff. (Reply Def. Amtrak to Pl's. Response at 2–3.)

Third, Plaintiff alleges that "significant forward [sic] and informal discovery was provided to [the] City of Durham and Amtrak...." (Pl.'s Resp.Mot. Compel and Recommend Dismissal of Action at 1.) This claim is unfounded. The only discovery Amtrak received from Plaintiff was several photographs of the scene of the accident.[4] Plaintiff refused to respond to all outstanding discovery.

Finally, Plaintiff offered the defense of "excusable neglect" to explain Plaintiff's counsel's egregious disregard of discovery requests and court orders. (Pl.'s Resp.Mot. Compel And Recommend Dismissal of Action at 2.) Not only is this defense inappropriate under the Federal Rules of Civil Procedure[5]

---

3. The court also notes that during the February 11, 1998, hearing, Mr. Colbert stressed that extensive court appearances precluded him from effectively addressing this case. (Hearing, February 11, 1999.)

4. The court notes that the photographs were provided to Defendants only because Defendants' counsel demanded to see them during Plaintiff's deposition, when Plaintiff testified that photographs of the accident scene were taken in her presence by an investigator employed by Plain-

tiff's counsel. (Reply Def. Amtrak to Pl's. Response at 3.)

5. Mr. Colbert is apparently asking the court to apply "excusable neglect" under Federal Rule of Civil Procedure 60(b). Rule 60 motions are appropriate only after a final judgment. Accordingly, Mr. Colbert's defense is not ripe for adjudication.

but Mr. Colbert, as a "last ditch effort," offered the same excuse in *Daye. Daye*, 172 F.R.D. at 177.

With regard to the second *Wilson* factor, Amtrak has been prejudiced by Plaintiff's callous disregard of discovery requests and court orders. As in *Daye*, Plaintiff has "failed to provide the most elementary of discovery responses...." *Id.* at 178. In *Daye*, the plaintiffs provided unverified and vague discovery. In this case, Plaintiff failed to respond to any of Amtrak's requests, thereby impeding Amtrak's case preparation. The trial date was set for January 11, 1999. As a result of Plaintiff's failure to comply with discovery requests and court orders, the case was removed from the trial calendar and rescheduled.

With regard to the third and fourth *Wilson* factors: the need for deterrence and the effectiveness of less drastic sanctions, the court concludes that dismissal of Plaintiff's claim against Amtrak is an appropriate sanction. Plaintiff blatantly and inexcusably ignored repeated requests from Amtrak and court orders. In the November 6, 1998, order, Magistrate Judge Eliason explicitly cautioned Plaintiff that Amtrak would be dismissed if Plaintiff failed to comply with the order. Plaintiff did nothing. In *Daye*, the plaintiff was sanctioned with dismissal for failing to adequately respond to discovery. The dismissal has set an unprofessional precedent for Mr. Colbert's practice of law before this court. Nevertheless, because the court finds that less drastic sanctions are not appropriate in this case, Amtrak will be dismissed from the case with prejudice.

In his recommendation, Magistrate Judge Eliason awarded Amtrak $200.00 in costs and attorneys' fees. Although the award is clearly justified, this court, in its discretion, will not adopt the monetary sanction.

The City has also moved for sanctions including dismissal for failing to comply with discovery. For the same reasons that justified dismissing Amtrak, the court will dismiss the City from this action, with prejudice.

Plaintiff has acted in bad faith and callous disregard for the authority of the court and the Federal Rules of Civil Procedure. On August 7, 1998, the City served discovery requests on Plaintiff. After Plaintiff failed to respond, the City made written and oral requests of Plaintiff asking that the appropriate responses be served. Plaintiff failed to respond to the requests. In November 1998, the City filed a Motion to Compel Discovery which was granted by Magistrate Judge Eliason on December 18, 1998. In the order, Plaintiff was warned that her case against the City would likely be dismissed if Plaintiff did not comply with the order within ten days. (Order at 2, Dec. 18, 1998.) Plaintiff did not comply with the order. Plaintiff also failed to comply with the oral ruling of this court issued on December 21, 1998.

On February 11, 1999, the court met again with counsel for the City and Plaintiff's counsel. At this meeting, Plaintiff still had not provided the City with adequate discovery responses. Once again, Mr. Colbert was admonished by the court for failing to comply with this court's orders. After questioning Mr. Colbert, the court was not persuaded that Plaintiff would ever be able to obtain and serve proper discovery responses to the City.

Additionally, it is clear that the City has been prejudiced in this case. Plaintiff's lack of attention to this matter has effectively estopped the City from preparing this case. "As in *Daye*, Plaintiff has failed to respond to the most elementary discovery requests including expert reports, production of complete medical bills and records, responses to all discovery requests and verification of these responses." (Br.Supp.Def. City of Durham's Mot. Add'l Sanctions at 8.)

Finally, as with Amtrak, the court feels that dismissal is the only appropriate sanction. Plaintiff was repeatedly warned that the lack of attention to discovery would jeopardize her case. Moreover, notwithstanding this district's imposition of sanctions against Mr. Colbert and his clients for discovery abuses in 1997, Mr. Colbert continues to ignore discovery requests and orders from this court. A second sanction may act as a deterrent.

## III. CONCLUSION

For the reasons discussed herein, the court will adopt Magistrate Judge Eliason's Recommendation dismissing Defendant Amtrak from the case with prejudice. In addition, the court will grant Defendant City of Durham's Motion for Additional Sanctions and dismiss the City of Durham from this action with prejudice. The court will not order Plaintiff or Plaintiff's counsel, Laurence D. Colbert, to pay costs and attorneys' fees to Defendants.

A judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.