Van J. ROBINSON, Plaintiff,

v.

YELLOW FREIGHT
SYSTEM, Defendant.

No. C–C–89–0058–P.

United States District Court,
W.D. North Carolina.

Oct. 9, 1990.

Van J. Robinson, Greeleyville, S.C. for plaintiff.

Ann Margaret Pointer, David Kresser, Fisher & Phillips, Atlanta, Ga., Travis W. Moon, Rayburn Moon & Smith, P.A., Charlotte, N.C., for defendant.

## MEMORANDUM OF DECISION AND ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant's motion, filed August 28, 1990, to dismiss and for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.

## I. FACTUAL BACKGROUND.

The record in this case indicates Plaintiff, an employee of Yellow Freight System, filed a pro se complaint on February 2, 1989 alleging that he had been subjected to racial discrimination in violation of Title VII, and that Defendant had violated the Worker Compensation laws. On June 22, 1989, this Court granted Defendant's motion to dismiss both claims. The Fourth Circuit Court of Appeals on December 1, 1989 affirmed the dismissal of the Worker Compensation claim but reversed and remanded to this Court the Title VII claim. 892 F.2d 74. On December 14, 1989, Defendant served its answer and affirmative defenses to Plaintiff's Title VII complaint.

The initial discovery date was set by this Court for April 2, 1990. On March 22, 1990, Defendant's counsel served Plaintiff with a Notice of Deposition scheduling the deposition for April 11, 1990 in Charlotte, North Carolina—the location where the alleged discrimination took place. Because Defendant's counsel had not received a response from Plaintiff, Defendant's counsel sent a certified letter to Plaintiff on April 2, 1990 requesting confirmation of the scheduled deposition. Defendant's counsel received a letter on April 3, 1990 from Plaintiff that indicated Plaintiff would be unable to attend the deposition because health and financial problems precluded him from traveling to Charlotte, North Carolina.

Defendant filed a motion to compel discovery on April 20, 1990. This Court granted that motion on May 2, 1990 and directed Plaintiff to notify the Court and Defendant of three (3) dates during May, 1990 that he would be available for his deposition to be taken. The Court further directed Plaintiff to appear during the properly noticed time in Charlotte, North Carolina for the deposition. By letter, dated May 3, 1990, Plaintiff notified the Court that he would not appear in Charlotte, North Carolina for the deposition at any time because of health and financial reasons.

On May 22, 1990, this Court entered a second discovery order. The Court delineated the various sanction alternatives available to the Court including dismissal and directed Plaintiff to supplement the record with medical records and doctor's affidavits explaining the extent of his present medical ailments and present limitations.

In response to the Court's order, Plaintiff sent a letter to the Court and attached copies of hospital bills, copies of receipts for the purchase of prescription drugs, and other assorted documents. After reviewing the documents, the Court, on July 23, 1990, found that given the circumstances of this case, Kingstree, South Carolina (the seat for the county in which Plaintiff resides and only 13 miles from Plaintiff's residence) was an appropriate location for the deposition to be taken. The Court also noted that Plaintiff had persisted in refusing to allow Defendant to take his deposition. The Court warned, "[I]f the Plaintiff persists in refusing to be deposed, the Court may have no other alternative than to dismiss this case with prejudice for the Plaintiff's failure to engage in meaningful discovery. *See* F.R.Civ.P. 37(b)." *Order of July 23, 1990*, at 2.

On July 26, 1990, Defendant's counsel contacted Plaintiff by phone. According to the affidavit of Mr. David Kresser, counsel for Defendant, which is attached to Defendant's motion, Plaintiff agreed to appear in Kingstree on August 16, 1990 to be deposed. The day before the deposition, Plaintiff contacted Defendant's counsel and informed him that he would not appear as scheduled due to personal reasons he refused to divulge. After rearranging his schedule, Defendant's counsel agreed to reschedule the deposition in Kingstree for August 24, 1990; the day selected by Plaintiff.

Because Defendant's counsel would be traveling from Atlanta, Georgia to Kingstree for the deposition, Defendant's counsel contacted Plaintiff on August 23, 1990 to confirm the deposition scheduled for the next day. Plaintiff informed Defendant that he would not appear for the deposition because of personal reasons related to his health and finances. When asked if he had planned on contacting Defendant's counsel prior to the scheduled deposition, Plaintiff responded, "No." Thus, had Defendant's counsel failed to contact Plaintiff, unnecessary travel expenses and inconvenience would have been incurred by Defendant.

Because Defendant believes that Plaintiff will continue to disregard this Court's discovery orders and refuse to be deposed, Defendant filed this motion on August 28, 1990. Plaintiff responded on September 10, 1990. The only reason stated in the response attempting to justify the defiance of the Court's order is that Plaintiff does not have the money to make the thirteen (13) mile trip to Kingstree. Apparently, Plaintiff believes that a plaintiff granted in forma pauperis status is not required to incur *any* expenses in prosecuting his complaint.

## II. APPLICABLE LEGAL STANDARD.

A motion to dismiss and for sanctions based on the failure of a party to attend a deposition is governed by Rule 37 of the Federal Rules of Civil Procedure. That Rule provides in pertinent part:

**(a) Motion for Order Compelling Discovery.** A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery....

**(b) Failure to Comply with Order.**

(2) *Sanctions by Court in Which Action is Pending.* If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following ... (C) An order ... dismissing the action or proceeding or any part thereof....

**(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party ... fails (1) to appear before the officer who is to take the deposition after being served with a proper notice ... the court in which the motion is pending on motion may make such orders in regard to the failure as are just, and among other it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act ... to pay reasonable expenses, including attorney's fees,

caused by the failure, unless, the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

It is evident from Rule 37 that the failure of a party to obey a discovery order can lead to the dismissal of the action and the award of reasonable expenses including attorney's fees.

## III. DISCUSSION.

■ Courts applying Rule 37 have found that the rule should not be applied as an initial remedy. *See generally* 4A *Moore's Federal Practice*, Par. 37.03[2] at 37–88 (1990) (hereinafter "Moore's"). The harsh sanction of dismissal cannot be utilized when the failure to obey the discovery order was a result of a party's inability to do so after good faith efforts at compliance. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). Courts have generally held that there must be some element of bad faith, willfulness, gross negligence, or callous disregard of the rights of other litigants in order to justify imposition of the sanction of dismissal. *See Moore's* at 37–89.

■ The determination of whether the factual situation of any given case justifies dismissal for violation of a discovery order is left in the sound discretion of the trial court. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam). "[T]he question, of course, is not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing." *Id.* at 642, 96 S.Ct. at 2780; *see also Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 504 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978). The sanction of dismissal must be available to the district court not merely to penalize conduct, but to deter those who might be tempted to such conduct in the absence of such a deterrent. *National Hockey League*, 427 U.S. at 643, 96 S.Ct. at 2781. Nonetheless, many

courts have found that an abuse of discretion occurs when the district court dismisses an action without explicitly considering whether lesser sanctions would effectively cure the improper behavior. *Moore's* at 37–94 (citing cases).

■ The Fourth Circuit Court of Appeals has directed that district courts consider four factors in deciding whether to impose the sanction of dismissal when a party fails to comply with a discovery order. *See Mutual Federal Savings & Loan Association v. Richards & Associates*, 872 F.2d 88, 92 (4th Cir.1988); *McKenna v. Sovran Bank NA*, 9 Fed.Rules Serv.3d 1249, 1252 (4th Cir.1987) (unpublished) (citing *Wilson*, 561 F.2d at 503–06); *Aerodyune Systems Engineering, Ltd. v. Heritage International Bank*, 115 F.R.D. 281 (D.Md.1987); *Snead v. Automation Industries*, 102 F.R.D. 823 (D.Md.1984). The factors include: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mutual Federal Savings & Loan*, 872 F.2d at 92.

■ In this case, the Court's examination of the relevant factors leads it to conclude that Defendant's motion to dismiss is meritorious.

First, the Court believes Plaintiff has acted in bad faith. The uncontradicted evidence that Defendant has produced in the form of an affidavit, letters to Plaintiff, and notices of deposition demonstrates that Defendant attempted to depose Plaintiff no less than three (3) times. Each time Plaintiff willfully failed to appear as scheduled. *See generally Affidavit of Attorney David Kresser* of August 27, 1990, at 3–5 (hereinafter "Kresser Aff."). Although there is some evidence in the record that medical and financial problems precluded Plaintiff from attending the first scheduled deposition, the Court attempted to alleviate those problems by directing that the deposition

be conducted a mere thirteen (13) miles from Plaintiff's home. The Court believes the failure of Plaintiff to attend the scheduled depositions of August 16, 1990 and August 24, 1990 is demonstrative of bad faith. *See Technical Chemical Company v. IG–LO Products Corp.,* 812 F.2d 222, 224 (5th Cir.1987) (pro se plaintiff's failure to appear at two (2) depositions indicated bad faith); *Kabbe v. Rotan Mosle, Inc.,* 752 F.2d 1083, 1084 (5th Cir.1985) (plaintiff failed to appear three times at scheduled depositions; Fifth Circuit held district court did not abuse its discretion in dismissing case); *The Buckeye Union Insurance Co. v. Boggs,* 109 F.R.D. 420 (S.D.W.V. 1986).

Plaintiff has utterly failed to come forward with any legitimate reason that explains his refusal to attend the two (2) scheduled depositions in Kingstree. Thus, the Court concludes that Plaintiff chose to disregard this Court's discovery orders in bad faith. This conclusion is affirmed by Plaintiff's wanton disregard of the expense and inconvenience to Defendant in attempting to procure his deposition as evidenced by Plaintiff's statement that he did not intend to notify Defendant's counsel that he would not be appearing for the August 24, 1990 scheduled deposition. *Kresser Aff.* at 5.

Second, the Court believes Plaintiff's failure to comply with the discovery orders issued by this Court caused Defendant to be prejudiced. The evidence that Plaintiff failed to produce is material to this case. The complaint filed by Plaintiff is vague and general. Moreover, Plaintiff failed to provide sufficient answers to Defendant's request for admissions and interrogatories. *Kresser Aff.* at 1–2. Therefore, the only means left for Defendant to discover the relevant information necessary for it to prepare this matter for trial was to depose Plaintiff. Plaintiff's refusal to submit to being deposed effectively estopped Defendant from preparing this case. *See Mutual Federal Savings & Loan,* 872 F.2d at 93.

Third, the Court believes the need for deterrence of this type of noncompliance is vital for the efficient administration of justice. If parties were permitted to routinely ignore notices for depositions, the Court would be required to intervene in the discovery process of every case. In this case alone, the Court has entered three (3) discovery orders to no avail directing Plaintiff to submit to the taking of his deposition. With the tremendous caseload federal district courts must manage, this type of involvement in every case would create unmanageable dockets. Accordingly, the Court believes that in this case it is necessary "[t]o deter those who might be tempted to such conduct in the absence of such a deterrent ... Other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts." *National Hockey League,* 427 U.S. at 643, 96 S.Ct. at 2781.

Fourth, the Court is unable to conclude that less drastic sanctions would be effective. Plaintiff has failed to suggest less drastic sanctions would ensure his compliance with the Court's discovery orders. Due to Plaintiff's financial condition, the Court is certain that monetary sanctions would be ineffective due to Plaintiff's indigent status. *See* F.R.Civ.Proc. 37(c); *see also Rogler v. Phillips Building Mental Retardation Program,* 126 F.R.D. 509, 514 (D.Md.1989). Nor can the Court find that evidence Plaintiff has withheld be established as true due to the fact that Plaintiff has not provided Defendant with any substantive information. *See* F.R.Civ.Proc. 37(b)(2)(A); *see also Mutual Federal Savings & Loan,* 872 F.2d at 93. Finally, the Court is unable to strike out part of the pleadings because the Title VII claim is the only cause of action alleged in the complaint. *See* F.R.Civ.Proc. 37(b)(2)(C). While the Court could find Plaintiff in contempt, the Court would have to imprison Plaintiff because he is unable to pay a fine. The Court does not believe, given the crowded conditions of the Mecklenburg County Jail, that such an alternative is appropriate in this case. Thus, the Court believes that its only option is to dismiss this action.

In short, the Court believes that it has exercised a great deal of patience with Plaintiff. *See National Hockey League,* 427 U.S. at 642, 96 S.Ct. at 2780 ("(The) record shows that the District Court was extremely patient in its efforts to allow the respondents ample time to comply with its discovery orders"). The Court has given Plaintiff three opportunities over a six (6) month period of time to comply with the relatively simple direction that he make himself available to be deposed. The Court believes Plaintiff is unwilling to abide by that direction. Although the fact that Plaintiff is pro se requires some consideration, the Court does not believe that fact alone excuses Plaintiff's failure to comply in this case. *See Technical Chemical Co.,* 812 F.2d at 224 (pro se litigant's failure to comply with discovery order by presenting himself for deposition not justified because he lacked funds to travel).

■ Defendant has requested that reasonable expenses be assessed against Plaintiff. Because of Plaintiff's indigence, the Court does not believe that the interests of justice would be served by awarding expenses in this circumstance. Accordingly, the Court will grant Defendant's motion to dismiss, but deny Defendant's motion to award it expenses.

## IV. ORDER OF THE COURT.

NOW, THEREFORE, IT IS ORDERED that Defendant's motion to dismiss pursuant to Rule 37 of the Federal Rules of Civil Procedure be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that Defendant's motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure be, and hereby is, DENIED.