Morgan ROBINSON, Plaintiff,

v.

James MORGAN, Defendant.

No. 93-295-CRT-H.

United States District Court,
E.D. North Carolina,
Western Division.

Feb. 28, 1995.

Geoffrey Carlyle Mangum, Winston-Salem, NC and J. Phillip Griffin, Jr., North Carolina Prisoner Legal Service, Raleigh, NC, for plaintiff.

Jane R. Garvey, North Carolina Dept. of Justice, Raleigh, NC, for defendant.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on defendant's motion for sanctions for plaintiff's refusal to cooperate with discovery. As outlined in the moving papers, plaintiff refused to cooperate with a scheduled deposition on February 13, 1995. Defense counsel arranged for a telephone conference with Magistrate Judge Wallace W. Dixon, who granted an oral motion to compel plaintiff's testimony. Despite the order, and after being advised of the potential for sanctions, plaintiff still refused to answer even the most basic questions. The court is informed that this marks the second time plaintiff has refused to answer questions at a scheduled deposition, the first being October 24, 1994.

This case was filed on May 11, 1993. Plaintiff accepted investigation by North Carolina Prisoner Legal Services (NCPLS). Mr. J. Phillip Griffin, an NCPLS staff attorney, agreed to undertake representation and entered a formal notice of appearance. Despite having access to counsel, the moving papers reflect that plaintiff has for months sought outside representation. At least one

attorney purported to represent him and conducted negotiations on his behalf, but never entered a formal notice of appearance. This attorney ultimately ceased representation, and plaintiff apparently began discussion with a second attorney. After a period of between two and four months, that attorney entered a notice of appearance on February 15.

This matter has been repeatedly extended because of plaintiff's efforts to obtain an attorney, despite having the services of competent counsel available to him. The court is now faced with a rapidly approaching date for the pre-trial and trial, when it is evident that discovery has not been completed due primarily to plaintiff's intransigence.

■ There is little question that plaintiff's conduct is sanctionable both under Rules 37(b)(1) and 41(b), since he refused to comply with Magistrate Judge Dixon's order. The court should consider four factors in ascertaining whether the severe sanction of dismissal is appropriate for a party's discovery violation, *viz.* 1) whether the non-complying party acted in bad faith; 2) the amount of prejudice caused by his non-compliance; 3) the need for deterrence of the particular sort of non-compliance; and 4) the effectiveness of less drastic sanctions. *Mutual Federal Savings & Loan v. Richards & Associates, Inc.,* 872 F.2d 88, 92 (4th Cir.1989), *citing Wilson Volkswagen of America, Inc.,* 561 F.2d 494, 503–04 (4th Cir.1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978).

■ On these facts, dismissal is an appropriate sanction. The evidence amply supports a finding that plaintiff has acted in bad faith. Despite being afforded competent counsel, he has engaged in a pattern of delay and obstruction. Furthermore, his refusal to release Mr. Griffin from representation, while working through other attorneys, has contributed to the delay and confusion that surrounds this case. His refusal to answer questions also comes after being repeatedly advised as to the potential consequences.

Defendant has suffered some degree of prejudice by being prevented from obtaining discovery to which he is clearly entitled.

Given plaintiff's refusal to cooperate, even in the face of a court order, it is difficult to see that any lesser sanction will serve the intended purpose. Furthermore, plaintiff is an inmate proceeding *in forma pauperis,* making the possibility or effect of monetary sanctions unlikely.

Most important, however, is the need to deter the kind of willful conduct evidenced here. Plaintiff has been afforded representation by NCPLS. It is well recognized that NCPLS cannot take virtually every prisoner case that surfaces in North Carolina. In providing access to the federal courts for state prisoners, staff attorneys must use their professional discretion to determine which cases to take. Where an inmate who obtains the services of NCPLS engages in the type of conduct shown here, there results a waste of attorney time and effort. That time and effort are valuable resources which could have been spent in other ways, perhaps providing another inmate with his day in court.

In addition, the Assistant Attorney General representing the state defendant has been considerably prejudiced in her professional duties. The state's resources are not infinite and the time of its attorney should also not be treated so cavalierly. Nor can the court countenance an inmate's apparent decision to have the course of litigation conducted according to his personal whims, in blatant defiance of court orders to the contrary.

Therefore, it is ORDERED that the complaint be dismissed with prejudice as a sanction for refusal to comply with the order to compel deposition testimony. The court finds that plaintiff's *in forma pauperis* status makes monetary sanctions, including the payment of expenses or attorney fees, inappropriate. Fed.R.Civ.P. 37(b)(2).