**Hourmouzis G. GEORGIADIS, Plaintiff,**

v.

**The FIRST BOSTON CORPORATION, et ano., Defendants.**

No. 90 Civ. 7672 (LAK).

United States District Court, S.D. New York.

May 30, 1996.

Hourmouzis G. Georgiadis, pro se.

Kenneth A. Caruso, Shaw, Pitman, Potts & Trowbridge, New York City, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Defendants move to dismiss this action because plaintiff has not (a) complied with an order of Magistrate Judge Katz directing him to answer interrogatories, (b) paid sanctions previously imposed by order of the Court, $2,000 of which were payable to defendants and the remaining $1,000 to the Clerk of the Court, or (c) diligently prosecuted this action.

### Facts

The difficulties that have been encountered in obtaining plaintiff's compliance with his discovery obligations—most of which took place while he was represented by counsel—have been recapitulated, in part, in this Court's December 19, 1995 order and the Report and Recommendation of Magistrate Judge Katz, dated February 14, 1996. Suffice it to say that in the December 19, 1995 order, the Court imposed monetary sanctions against the plaintiff, declining at that point to grant defendants' motion for dismissal under Fed.R.Civ.P. 37, despite concluding that the plaintiff had obstructed discovery at virtually every turn. After explaining that dismissal would be imposed as a last resort, the Court proceeded to caution plaintiff in boldface lettering that "failure to comply with this or any other order of this Court may result in dismissal of this action with prejudice and/or the imposition of further sanctions."

Plaintiff thereafter obtained a stay of the payment obligation imposed by the December 19 order pending the disposition of an application to vacate the sanctions order, an application that ultimately was denied in accordance with Magistrate Judge Katz's Report and Recommendation after an evidentiary hearing. On March 13, 1996, the Court fixed April 1, 1996 as the date by which the sanctions were to be paid and again cautioned plaintiff in boldface lettering that any

failure to comply might result in dismissal or the imposition of additional sanctions.

In the meantime, the parties appeared before Magistrate Judge Katz on February 5, 1996. On that occasion, Magistrate Judge Katz directed plaintiff, without objection, to answer two interrogatories by the end of that week, i.e., by February 9, 1996. (Tr., Feb. 5, 1996, at 82–84, 89–92)

On March 4, 1996, plaintiff filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia. Has neither has paid the sanctions nor answered the interrogatories.

## Discussion

Plaintiff concedes that he did not answer the interrogatories. He attempts to defend his position by asserting that he was advised following Magistrate Judge Katz's order, by a lawyer, who is not counsel of record in this case, that providing the information would be "counterproductive." (Georgiadis letter, undated but received by chambers May 22, 1996, at 1–2 & Ex. C) Even assuming that were so,[1] it would not justify defiance of the Magistrate Judge's direction. In consequence, the question is whether dismissal is an appropriate sanction at this juncture.

■ In *Lucas v. Miles*, 84 F.3d 532 (2d Cir.1996), the Court of Appeals reiterated the factors to be considered in determining the propriety of dismissal under Rule 41(b) for failure to comply with a court order:

"(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Id.* at 535.

These factors collectively weigh in favor of dismissal.

First, plaintiff was directed to answer the interrogatories by February 9. They had not been answered by May 13 when defendants filed their motion and, as far as the Court is aware, have not been answered to date. Thus, the delay has been nearly four months.

Second, while plaintiff was not specifically warned by Magistrate Judge Katz that failure to answer could result in dismissal, he has been warned repeatedly in recent months that failure to comply with court orders could result in dismissal or other sanctions. Moreover, the filing of defendants' motion certainly put him on notice of possible dismissal, but nevertheless did not elicit interrogatory answers from him.

Third, the defendants are likely to be prejudiced. The interrogatories seek the identification of possible witnesses located in Greece so that defendants may conduct depositions. The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.

Fourth, in the circumstances of this case, the Court's interest in managing its docket, after all of the difficulties caused by plaintiff in this case, now outweighs plaintiff's interest in being heard on the merits. This is among the very oldest cases on this Court's docket. It has reached this venerable position in no small part as a result of delays and disputes engendered by the plaintiff. As alluded to above, sanctions previously were imposed on plaintiff as a result of his failure to appear for deposition. This resulted in an unmeritorious application by plaintiff to blame that problem on his attorneys, which necessitated the evidentiary hearing conducted by Magistrate Judge Katz, as well as review by this Court. This case thus has demanded, and threatens to continue to demand, a disproportionate share of the Court's resources.

Finally, the Court has reflected on whether a sanction less drastic than dismissal would be appropriate but has concluded that it would not. For one thing, in view of

---

**1.** The assertion is neither made under oath nor corroborated by the lawyer in question.

plaintiff's bankruptcy, an additional monetary sanction seems unlikely to have any significant effect. At least equally important, plaintiff seems to have great difficulty complying with directions of the Court. This was apparent in the *contretemps* concerning his nonappearance for his deposition, which resulted in the prior sanctions order and, moreover, occurred when plaintiff was represented by counsel. It is apparent in his failure to answer these interrogatories. It is apparent also in his failure to comply with the Court's direction (Order, Jan. 10, 1996, ¶ 4) that all further factual submissions on his behalf be verified or in the form of declarations pursuant to 28 U.S.C. § 1746.

■ Dismissal would be an appropriate sanction pursuant to Fed.R.Civ.P. 37 as well. Dismissal has been upheld as an appropriate sanction under Rule 37 where, as here, the party has acted wilfully or in bad faith in disregarding a court's discovery order—especially if the party was warned previously that noncompliance with discovery orders could lead to dismissal and/or if the party's noncompliance caused serious delay. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Jones v. Niagara Frontier Transp. Authority*, 836 F.2d 731, 735 (2d Cir.1987), *cert. denied*, 488 U.S. 825, 109 S.Ct. 74, 102 L.Ed.2d 50 (1988); *E.L. Denton v. Mr. Swiss of Missouri, Inc.*, 564 F.2d 236, 240–41 (8th Cir.1977); *Butler v. Donovan*, 103 F.R.D. 456, 458 (D.D.C.1984); *Philpot v. Philco–Ford Corp.*, 63 F.R.D. 672, 674–75 (E.D. Pa1974); *accord, Robinson v. Yellow Freight System*, 132 F.R.D. 424, 427 (W.D.N.C.1990), *aff'd*, 923 F.2d 849 (4th Cir. 1991), *cert. denied*, 502 U.S. 831, 112 S.Ct. 106, 116 L.Ed.2d 76 (1991) (analysis in form of four-part test, examining bad faith, resulting prejudice, need for deterrence, and effectiveness of less drastic solutions).[2]

The appropriateness of dismissal pursuant to Rule 41(b) and Rule 37 for the failure to comply with the Court's discovery order obviates the need to decide the merits of defen-

dants' other two theories for dismissal. In particular, there is no need to reach the question whether the automatic bankruptcy stay under 11 U.S.C. § 362(a) precludes dismissal for failure to pay the sanction, which was a prepetition obligation.

### Conclusion

For the foregoing reasons, defendants' motion to dismiss this action for plaintiff's failure to answer interrogatories as directed by Magistrate Judge Katz is granted.

SO ORDERED.

---

2. For purposes of dismissal under Rule 37, it ultimately is insignificant whether plaintiff was represented by counsel in the latest instance, or previous instances, of failure to comply with the Court's discovery orders. *See Denton*, 564 F.2d at 240–41 (given that the party is responsible for conduct of counsel, dismissal may be appropriate against party); *Robinson*, 132 F.R.D. at 427 (dismissing action against pro se plaintiff for willful and repeated violation of discovery orders).