**Lizzie Earline GREEN, Plaintiff,**

v.

**JOHN CHATILLON & SONS, Defendant.**

**No. 6:96CV00317.**

United States District Court,
M.D. North Carolina.

March 11, 1998.

Warren Sparrow, Winston–Salem, NC, for plaintiff.

David C. Smith, Winston–Salem, NC, John F. Licari, Philadelphia, PA, for defendant.

## MEMORANDUM OPINION

TILLEY, District Judge.

Plaintiff, Lizzie Earline Green, has filed a Complaint asserting claims under the Americans with Disabilities Act and the North Carolina Handicapped Persons Protection Act and a claim for intentional infliction of emotional distress [Doc. # 1]. Her case is currently before the Court on Defendant John Chatillon & Sons' ("Chatillon") Motion for Summary Judgment [Doc. # 35] and Defendant's Motion for Sanctions [Doc. # 39]. For the reasons set forth below, Chatillon's Motion for Sanctions [Doc. # 39] is GRANTED. Chatillon's Motion for Summary Judgment [Doc. # 35] is therefore MOOT.

### I.

The facts of this case have already been recounted in the Court's earlier Memorandum Opinion filed on April 10, 1997. That Opinion's statement of the facts is hereby adopted for this Opinion as well.

Ms. Green, acting pro se, filed her Complaint on March 21, 1996.[1] On June 19, 1997, her current attorney entered a Notice of Appearance. On June 23, 1997, Magistrate

---

1. Although her Complaint originally had a different case number, this Court's April 10, 1997 Memorandum Opinion made clear that March 21, 1996 was the effective filing date of Ms. Green's Complaint in this case.

Judge Eliason entered a Joint Rule 26(f) Report and Order governing discovery in the case. In this Report, the parties agreed that all discovery (general and expert) would be completed by October 20, 1997. The discovery deadline was later moved to December 5, 1997, with both parties' consent.

Chatillon served Ms. Green with a First Set of Interrogatories and a First Request for Document Production on June 26, 1997. The First Set of Interrogatories requested information concerning Ms. Green's mental condition and treatment for it, her anticipated witnesses at trial, and her employment since leaving Chatillon. The First Request for Document Production requested documents pertaining to Ms. Green's mental condition and treatment for it and other documents related to her claims against Chatillon. Ms. Green did not respond to these discovery requests within the thirty-day deadline, nor did she request an extension.

Chatillon's counsel sent a letter requesting responses to Ms. Green's counsel on August 8, 1997. Ms. Green's counsel did not respond to this letter. On August 13, 1997, Chatillon's counsel spoke with Ms. Green's counsel on the telephone concerning Chatillon's desire to have the requested responses before taking Ms. Green's deposition later in the month. Ms. Green's counsel assured Chatillon's counsel that he would provide responses. On August 28, 1997, Ms. Green's deposition was taken. Chatillon's counsel still had not received the responses, but Ms. Green's counsel again said that he would provide responses. On October 17, 1997, Chatillon's counsel spoke again with Ms. Green's counsel on the telephone and received assurances similar to those given before.

On October 24, 1997, Chatillon filed a Motion to Compel responses to its requests. In an Order entered on December 10, 1997 [Doc. # 32], Magistrate Judge Eliason granted Chatillon's Motion. His Order required that Ms. Green "respond to each and every one of defendant's discovery requests, all without any objection" within twenty days from the filing of the Order. (12/10/97 Order at 2.) His Order reserved the imposition of sanctions, but contained the following warning to Ms. Green:

> [P]laintiff is forewarned that should she fail to obey this Court's order, the Court could and likely would impose sanctions against her, including attorney's fees and costs, and having a default judgment entered against her.

(*Id.*) Pursuant to this Order, Ms. Green's responses were due on December 30, 1997. Ms. Green did not provide any discovery responses by December 30, nor did she request an extension.

Chatillon filed its Motion for Sanctions on January 9, 1998. As of that date, Chatillon's counsel had received no discovery responses nor any communications from Ms. Green's counsel concerning her responses. As of the date of filing of this Opinion, eight months after Chatillon originally filed its requests, Ms. Green has not filed a response to Chatillon's Motion for Sanctions, and she has yet to provide responses to Chatillon's requests for discovery. Ms. Green did file a response to Chatillon's Motion for Summary Judgment on January 8, 1998, but her response does not contain information that can be construed as responses to Chatillon's discovery requests.

The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367(a).

## II.

A court can impose sanctions, up to and including dismissal or a default judgment, when a party fails to comply with discovery ordered by the court. *See* Fed. R.Civ.Proc. 37(b); *Mutual Fed. Sav. & Loan v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir.1989). When a court considers one of these extreme sanctions, its discretion is limited because its "desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mutual Fed.*, 872 F.2d at 92. These competing interests require a court to apply a four-part balancing test before levying a dismissal or a default:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to

produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Id.* More recently, the Fourth Circuit has also "emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir.1995); *see also Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59–60 (D.Md.1998) (describing emerging trend in Fourth Circuit to consider warning prior to extreme sanctions). Failure to respond to interrogatories can merit dismissal or default. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir.1983); *Daye v. General Motors Corp.*, 172 F.R.D. 173, 179 (M.D.N.C. 1997).

Just last year, this Court dismissed a case with prejudice as a sanction for the plaintiff's refusal to comply with the defendant's discovery requests. *See Daye*, 172 F.R.D. at 179. The plaintiff in *Daye* received a set of interrogatories and a request for the production of documents in June of 1996. *Id.* at 175. The plaintiff missed the July deadline for response without offering any explanation to the defendant's counsel. *Id.* After the plaintiff ignored a magistrate judge's sanctions and order to respond and again offered no explanation for its failure, the defendant filed a motion in October requesting dismissal of the case. *Id.* The plaintiff's counsel filed a last-minute response to this motion in November which dealt with the cause of the delays, but did not otherwise respond to the defendant's requests. *Id.* at 175–76. This Court applied the *Mutual Federal* test and found (1) that the plaintiff had acted in bad faith in delaying her response to the defendant's requests for so long, (2) that the defendant had been prejudiced because of its inability to prepare its case without more information about the plaintiff's claims, (3) that there was an important need to deter complete failures to respond to interrogatories, and (4) that less draconian sanctions would not be effective. *Id.* at 177–78. Other courts within the Fourth Circuit have applied *Mutual Federal*'s test and then entered default judgment as sanctions against plaintiffs who refused both defendants' requests and judges' orders that they appear for depositions. *See Robinson v. Morgan*, 160 F.R.D. 665, 666 (E.D.N.C.1995); *Robinson v. Yellow Freight Sys.*, 132 F.R.D. 424, 429 (W.D.N.C. 1990).

■ In this case, dismissal with prejudice is an appropriate sanction. Ms. Green's complete failure to provide discovery over eight months after the original requests and over two months after being ordered by Magistrate Judge Eliason to do so satisfies the four-part test required by *Mutual Federal*. In addition, Ms. Green has already been explicitly warned that her continued failure to provide discovery could lead to such a sanction.

The first factor in the *Mutual Federal* test is satisfied here. Noncompliance with discovery orders can serve as a basis for a finding of bad faith. *See Mutual Fed.*, 872 F.2d at 93. Not only has Ms. Green demonstrated bad faith by her failure to comply with Magistrate Judge Eliason's order directing her to respond to Chatillon's interrogatories and requests for documents, she has further acted in bad faith by failing to request more time or even to offer an explanation for her failure to comply. *See Yellow Freight Sys.*, 132 F.R.D. at 428. She has also demonstrated bad faith through repeated but unfulfilled assurances to Chatillon's counsel that she would provide discovery responses. *See Daye*, 172 F.R.D. at 177.

The second factor in the *Mutual Federal* test is also satisfied. A party is prejudiced if it is deprived of material information about a plaintiff's complaint. *See Mutual Fed.*, 872 F.2d at 93; *Daye*, 172 F.R.D. at 177. The evidence Chatillon has sought in its discovery requests is basic information that is fundamental to Ms. Green's claims. Chatillon needs this information to defend against Ms. Green's claims and to help it clear up the vague allegations of Ms. Green's complaint.

*Mutual Federal*'s third factor is clearly met. Ignoring court orders is misconduct that needs to be deterred. *See Mutual Fed.*, 872 F.2d at 93; *Yellow Freight Sys.*, 132 F.R.D. at 428. Ms. Green has totally ignored

Magistrate Judge Eliason's Order without offering any justification. Individual parties cannot be allowed to ignore court orders without suffering consequences if the judicial system is to continue functioning. Otherwise, "parties to other lawsuits will feel freer than ... Rule 37 contemplates they should feel to flout other discovery orders of other district courts." *National Hockey League,* 427 U.S. at 643, 96 S.Ct. at 2781.

The fourth factor in the *Mutual Federal* test also supports dismissal. In some cases in which dismissals have been granted, parties have first received less severe sanctions, often monetary penalties, before their cases were dismissed. *See Mutual Fed.,* 872 F.2d at 93; *Daye,* 172 F.R.D. at 178. In cases in which the sanctioned party was unable to pay a fine, however, dismissal has been considered an appropriate penalty. *See Morgan,* 160 F.R.D. at 666; *Yellow Freight Sys.,* 132 F.R.D. at 428. Here, Magistrate Judge Eliason reserved the imposition of sanctions in his earlier Order. Despite this fact, less drastic sanctions would not be effective in this case. Although Ms. Green has not faced monetary sanctions yet, she recently underwent bankruptcy proceedings, (Green Dep. at 13), and is unlikely to be able to pay any monetary sanctions. Also, any of the less drastic sanctions elaborated in Rule 37(b)—an order that facts be taken in accordance with the claim of the opposing party, an order refusing to allow the disobedient party to present certain claims, or an order striking portions of pleadings—would very likely have the same effect as a dismissal. Ms. Green's claims are tenuous. If she cannot prove her version of the facts, present certain claims, or use portions of her pleadings, she is very unlikely to prevail on any of her claims.

Finally, Ms. Green was explicitly warned that her failure to comply with Magistrate Judge Eliason's Order could result in dismissal of her case. *See Hathcock,* 53 F.3d at 40; *Mutual Fed.,* 872 F.2d at 93. The Order provided that "the Court could and likely would impose sanctions against her, including attorney's fees and costs, and having a default judgment entered against her." (12/10/97 Order at 2.) Considering this warning, Ms. Green could not be taken by surprise by a dismissal of her case after her continued failure to provide basic discovery material to Chatillon.

Dismissal is a severe sanction for discovery violations, but Ms. Green's conduct in this case merits such a severe sanction. She has failed to provide responses to Chatillon's discovery requests despite giving multiple assurances to Chatillon's counsel that responses were forthcoming and a court order requiring responses and threatening dismissal for noncompliance. The only appropriate sanction for such conduct is dismissal of her case with prejudice.

### III.

For the foregoing reasons, Chatillon's Motion for Sanctions [Doc. # 39] is GRANTED. Plaintiff's case is hereby dismissed with prejudice, with each side to bear its own costs and fees. Chatillon's Motion for Summary Judgment [Doc. # 35] is therefore MOOT.