**Cathy D. PORTER, Administratrix of the Estate of Donald E. Porter, Deceased, Plaintiff,**

v.

**Joseph GUARINO, M.D., Individually and d/b/a Piedmont Occupational Medical, Defendant.**

No. 1:03CV00748.

United States District Court, M.D. North Carolina.

Aug. 5, 2004.

Wayne E. Crumwell, Reidsville, NC, for Plaintiff.

Urs R. Gsteiger, Horton And Gsteiger, P.L.L.C., Winston–Salem, NC, for Defendant.

### JUDGMENT

OSTEEN, District Judge.

On May 25, 2004, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. No objections were filed within the time limits prescribed by Section 636.

Therefore, the Court need not make a *de novo* review and the Magistrate Judge's Recommendation is hereby adopted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that both *sua sponte* and pursuant to defendant's motions for sanctions, including dismissal, (docket nos. 13 & 16) this action be, and the same hereby is, dismissed with prejudice pursuant to Fed.R.Civ.P. 37(b)(2)(C) and 41(b).

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Eliason, United States Magistrate Judge.

This matter comes before the Court on defendant's motions for sanctions. Plaintiff filed this action in August 2003. In October 2003, a Rule 26(f) scheduling order was entered setting the discovery cutoff at June 25, 2004. In January 2004, defendant filed a motion to compel discovery because plaintiff had not complied with any discovery requests. No response was filed. Therefore, on February 27, 2004, the Court entered an order compelling plaintiff to answer the First Set of Interrogatories and to produce the Requests for Production of Documents, along with answering expert interrogatories and producing expert documents. Plaintiff was given ten days to produce the documents and answer the interrogatories all without making any objection. He was forewarned that failing to obey the order could lead to sanctions, including dismissal. Plaintiff did not comply with that order. Therefore, on March 16, 2004, defendant filed a motion for sanctions requesting that defendant be awarded reasonable expenses and that the Court extend discovery.

Because this case had already been placed on the master calendar for trial, the extension requested by defendant was not available. Consequently, the Court set the matter for a status conference on April 22, 2004. At that time, plaintiff's counsel appeared and indicated that some health problems had diverted his attention from this case. The Court inquired as to whether he was sufficiently able to practice law in order to continue representation. Plaintiff's counsel indicated he was. Therefore, the Court ordered that plaintiff completely comply with the Court's February 27, 2004 order on or before April 30, 2004. It further ordered that all expert reports, including the reports of treating physicians, be produced to defendant on or before May 7, 2004. Counsel was warned of possible sanctions. The Court also set the matter for a further status conference on May 20, 2004.

Plaintiff's counsel did not appear at the status conference. Furthermore, defendant's counsel had in the meantime filed a supplemental memorandum requesting sanctions for plaintiff's failure to comply with the April 22nd order, including the sanction of dismissal. Defendant's counsel related to the Court

284

that approximately two weeks previous to the May status conference, plaintiff's counsel called defendant and offered to voluntarily dismiss the case without prejudice. On May 11th, defendant's counsel responded that he would only accept a dismissal with prejudice. Plaintiff's counsel called back and agreed that he would prepare a voluntary dismissal with prejudice on or before May 17, 2004. However, defendant's counsel related that plaintiff's counsel did not keep this promise either.

In the instant case, plaintiff has failed to prosecute this action and has repeatedly failed to obey orders of this Court. He has been repeatedly warned of the consequences. Furthermore, plaintiff has failed to appear in Court as ordered. The Court finds a continuing pattern of disobedience and neglect by plaintiff.

■ First, this action should be dismissed pursuant to Fed.R.Civ.P. 41(b) for plaintiff's failure to prosecute this action. *See Ballard v. Carlson,* 882 F.2d 93, 95–96 (4th Cir.1989), *cert. denied,* 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990). *Ballard* instructs that in order to dismiss a case for failure to prosecute, the Court should consider plaintiff's personal responsibility, the amount of prejudice to defendant, the history of delay, and the viability of less drastic sanctions. In this case, there has been total non-cooperation by plaintiff's counsel so less drastic sanctions are not available, there has been a history of delay, and defendant has suffered great prejudice. Defendant cannot prepare his case without the discovery and has wasted considerable resources filing motions and appearing in court on account of plaintiff's refusal to obey orders. It is not entirely clear whether plaintiff has been personally responsible, but plaintiff can be held responsible for his or her attorney's conduct, and to that extent, all four of the *Ballard* factors have been satisfied.

■ Dismissal is also warranted under Fed.R.Civ.P. 37(b)(2)(C). This rule covers dismissal based on failure to obey a court order regarding discovery. In this case, plaintiff has disobeyed two explicit court orders after being warned of the consequences. The factors the Court considers are whether plaintiff acted in bad faith, the amount of prejudice to defendant, the need for deterrence, and the effect of less drastic sanctions. *Pontoon v. National R.R. Passenger Corp.,* 194 F.R.D. 521 (M.D.N.C.1999); *Green v. John Chatillon & Sons,* 188 F.R.D. 422 (M.D.N.C.1998). The factors cited in those cases justifying dismissal are all found in this case. Furthermore, it should be noted that plaintiff has not filed a response to defendant's motion to dismiss, nor did plaintiff appear in court to oppose it in any way. Therefore, for all these reasons, defendant's motions for sanctions, including dismissal, (docket nos. 13 & 16) should be granted. If the case were not dismissed, the Court would award full counsel fees to defendant for all the time spent procuring this recommendation and the previous orders. The Court need not consider that course of action at this time.

**IT IS THEREFORE RECOMMENDED** that both *sua sponte* and pursuant to defendant's motions for sanctions, including dismissal, (docket nos. 13 & 16) this action should be dismissed with prejudice pursuant to Fed.R.Civ.P. 37(b)(2)(C) and 41(b).

Dated May 25, 2004.