[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17069
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01532-ODE


JACKIE LYONS,

Plaintiff - Appellant,

versus

MICHAEL O'QUINN,
Administrator of the Estate of Anna St. Laurent,

Defendant,

HUMANA MARKET POINT, INC.,
HUMANA, INC.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 23, 2018)

Before MARCUS, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jackie Lyons appeals the district court's order dismissing his suit as a discovery sanction, and another order denying his motion for reconsideration of three prior orders. The district court found that Mr. Lyons' failure to respond to discovery requests and motions, and disregard of court orders, justified dismissal of his suit with prejudice. The district court also determined that reconsideration was unwarranted because Mr. Lyons did not present new evidence, any change in binding law, or any clear error of law or fact. Upon review of the record and consideration of the parties' briefs, we affirm.[1]

**I**

Mr. Lyons sustained personal injuries in an automobile accident. The woman who collided against Mr. Lyons' vehicle, and died in the accident, was employed by Humana Market Point, Inc. and Humana, Inc. Mr. Lyons sued Humana, alleging that it was liable for the decedent's negligent driving because, when the accident occurred, she was operating her vehicle within the scope and course of her employment.

---

[1] While this appeal was pending, Mr. Lyons' counsel was suspended from the practice of law and later reinstated. Although Mr. Lyons is now proceeding *pro se*, we consider his counseled brief because it was filed before his counsel's suspension.

2

The procedural history leading up to the dismissal of Mr. Lyons' suit is long, but centers around his failure to meet deadlines and adequately respond to Humana's interrogatories and production requests, as well as the district court's orders. We set out that history below.

On February 26, 2016, Humana filed a motion to dismiss Mr. Lyons' complaint, or in the alternative to compel discovery and for attorney's fees because Mr. Lyons had not responded to Humana's discovery requests for a few months. In response, Mr. Lyons filed a motion asking to extend the time to respond to Humana's motion until March 15, 2016. In that motion, he stated that he needed additional time because his counsel had a heavy trial and briefing schedule and was disabled due to mental and physical fatigue. On March 15, 2016, Mr. Lyons filed a second motion asking to extend the time to respond to Humana's motion, adding that lower back pain affected his counsel's ability to respond. Humana opposed both motions. Two days later, the district court granted Mr. Lyons' motions and extended the time to respond until March 21, 2016. But the district court noted that "no further extensions [would] be granted." D.E. 69 at 2. Despite this warning, Mr. Lyons filed a third motion to extend the time to respond on March 21, 2016, citing the same health and scheduling struggles from his previous two motions. On March 28, 2016, the district court denied Mr. Lyons' third motion to

3

extend the time due to lack of new or compelling reasons.  Mr. Lyons never responded to Humana's motion to dismiss and/or compel.

On May 2, 2016, the district court denied Humana's motion to dismiss without prejudice, but granted Humana's motion to compel discovery and for attorney's fees.  It ordered Mr. Lyons to respond to Humana's discovery request within seven days, and if he "fail[ed] to produce complete responses, the [c]ourt [would] then consider other sanctions and may dismiss the action."  D.E. 74 at 2.  Mr. Lyons did not respond as required, so Humana filed a motion for civil contempt, asking the court to dismiss Mr. Lyons' suit.  Mr. Lyons failed to respond to that motion as well.  On June 9, 2016, the district court granted Humana's motion for civil contempt, dismissed Mr. Lyons' suit with prejudice, and awarded $2,296 in attorney's fees to Humana.

Two weeks after the district court's dismissal, Mr. Lyons filed a motion for reconsideration of the (1) March 28, 2016 order; (2) May 2, 2016 order; and (3) June 9, 2016 order.  Mr. Lyons stated that on or before March 25, 2016, his counsel began to suffer from low heart pressure, heart conditions, and mental and physical fatigue, which rendered him unable to respond to Humana's motions or the district court's orders.  Further, Mr. Lyons alleged that beginning on June 13, 2016, his counsel was able to open his emails from the clerk of courts and became aware of the district court's orders.  A month after filing the motion for

4

reconsideration, Mr. Lyons' counsel filed an affidavit detailing his health problems beginning around March 25, 2016, and lasting until about June 22, 2016.

On October 11, 2016, the district court denied Mr. Lyons' motion for reconsideration because it was untimely with respect to the March and May orders, and because Mr. Lyons was not able to show any basis for reconsideration. The district court noted that during the period of time of Mr. Lyons' counsel's sickness, health concerns did not prevent him from filing three motions for an extension of time to respond. Despite filing these motions, Mr. Lyons' counsel failed to inform the court about his low blood pressure. Additionally, the district court stated that Mr. Lyons' counsel presented "no real reason" why he did not previously inform the court about his low blood pressure. D.E. 89 at 6.

## II

We review the district court's dismissal of a suit with prejudice under Fed. R. Civ. P. 37(b) for abuse of discretion. *See Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982). Likewise, we review a district court's denial of a motion for reconsideration for abuse of discretion. *See Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007). A district court abuses its discretion when it applies an incorrect legal standard, fails to follow the appropriate procedures when making the relevant determination, or makes findings of fact that

are clearly erroneous.  *See Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1207 (11th Cir. 2014).

III

The district court's dismissal of Mr. Lyons' suit as a discovery sanction was not an abuse of discretion.  "If a party . . . fails to obey a court's order to provide or permit discovery, . . . the court where the action is pending may issue further just orders . . . [including] . . . dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).  *See also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) ("[Dismissal] must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.").

"When a party demonstrates a flagrant disregard for the court and the discovery process, . . . dismissal is not an abuse of discretion."  *Aztec Steel Co.*, 691 F.2d at 481.  *See also Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) ("Dismissal may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith, or fault.").  In *Aztec Steel*, we affirmed a dismissal where a party provided incomplete responses to interrogatories, despite being ordered to comply with the discovery requests twice.  *See Aztec Steel*, 691 F.2d at 481.  In doing so, we upheld the district court's determination that a less severe sanction

6

would be ineffective.  *See id.* at 482.  As in *Aztec Steel*, the district court here ordered Mr. Lyons to respond to Humana's discovery requests and pay attorney's fees, but he did not comply with the order despite the passage of more than five months.  This conduct demonstrates the "flagrant disregard for the court and discovery process" for which dismissal may be appropriate.  *See id*. at 481.  *See also Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (affirming dismissal of action when plaintiff failed to respond to discovery requests, motions, and court orders).[2]

In determining whether the district court abused its discretion, we also consider "whether the other party's preparation for trial [will be] substantially prejudiced."  *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).  In this case, Mr. Lyons did not respond to Humana's outstanding discovery requests (or its motion to dismiss) for months.  At the time of the dismissal, Humana still did not have the documents it had requested or complete responses to its interrogatories.  As a result, Humana could not effectively litigate the case.  This factor also suggests that dismissal was an appropriate sanction.  *See also Arias v. Dyncorp*

---

[2] Although Mr. Lyons' counsel alleges that he was unable to open his e-mails to review or respond to court filings due to his illness from March 10, 2016, through June 22, 2016, there is no allegation that he did not have access to them.  *See* Appellant's Br. at 9.  Moreover, Mr. Lyons had received Humana's motion to compel discovery before this time period and filed three requests for extensions on the docket during the time he argues that he was unable to respond.  *See* D.E. 89 at 6 n.1.  And, as the district court noted, "[i]f he could file the [m]otions, presumably he could have included the claim that he was suffering from disabling low blood pressure at that time."  *Id*.

7

*Aerospace Operations, LLC*, 677 F. Supp. 2d 330, 334 (D.D.C. 2010) (holding that dismissal is proper where plaintiffs had been given several chances to provide the required information, but their failure to do so prejudiced the defendants).

It is also significant that Mr. Lyons and his counsel were warned about potential dismissal due to noncompliance. *See Phipps*, 8 F.3d at 790–91 (affirming dismissal where plaintiff "was warned repeatedly about dismissal as a sanction for disobedience" and "given numerous chances to cooperate"). *See also Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 26 (S.D.N.Y. 1996) (finding that dismissal is an appropriate sanction under Rule 37 where the party has willfully disregarded a court's order, especially when the party has been warned that noncompliance with the court's orders could lead to dismissal). Here, in its order of May 2, 2016, the district court warned Mr. Lyons that he could face dismissal if he did not comply and respond to the discovery requests, yet he did not comply. *See* D.E. 74 at 2.

We recognize that dismissal with prejudice is the most severe sanction and used as a last resort. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). "Dismissal . . . is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Here, although the district court did not explicitly state that lesser sanctions would be inadequate, it implicitly determined that dismissal was the proper sanction when it explained that

Mr. Lyons willfully disregarded the court's previous orders, failed to participate in discovery, and had received a warning about possible dismissal. *See Zocaras*, 465 F.3d at 484 (affirming dismissal of the plaintiff's suit where "a determination that no other sanction would suffice radiates from [the district court's] explanation for the dismissal" and "[n]o point would be served by remanding for the court to make explicit that which is inescapably implicit"); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (affirming dismissal of the plaintiff's suit when the record supported an implicit finding "that any lesser sanction . . . would not have served the interests of justice" based on her counsel's pattern of delay and deliberate refusal to comply with court orders).

Accordingly, the district court's dismissal of Mr. Lyons' suit with prejudice was not an abuse of discretion because Mr. Lyons (through his counsel) willfully disregarded the district court's orders and the discovery process, Mr. Lyons' failure to participate in discovery prejudiced Humana, and Mr. Lyons received a warning prior to the dismissal of his suit.[3]

## IV

The district court also did not abuse its discretion in denying Mr. Lyons' motion for reconsideration. A party should not use a motion for reconsideration

---

[3] In civil cases, counsel acts as an agent for a litigant. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 396–97 (1993). Unfortunately, Mr. Lyons is bound by his counsel's handling or mishandling of the case. *See id.* at 397 ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.") (quotation marks omitted).

"to relitigate old matters, raise argument, or present evidence that could have been raised" before the judgment was entered. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quotation marks omitted).

Under N.D. Ga. Local Rule 7.2(E), a party who believes it is "absolutely necessary" to move to reconsider an order must file the motion within 28 days after the order or judgment has been entered. N.D. Ga., L.R. 7.2(E).[4] Likewise, under Fed. R. Civ. P. 59(e), a party must file a motion to "alter or amend a judgment" within 28 days after a judgment is entered. This 28-day time limit cannot be extended. *See* Fed. R. Civ. P 6(b)(2). Therefore, Mr. Lyons' motion for reconsideration was untimely as to the March 28, 2016, and May 2, 2016, orders because he filed the motion more than 28 days after both orders were entered.

Mr. Lyons argues that his motion for reconsideration as to the March 28, 2016, and May 2, 2016, orders was filed timely under Fed. R. Civ. P. 60. Under Fed. R. Civ. P. 60(b), a court is allowed to release a party from a final judgment under a motion or just terms. "A final judgment generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Formby v. Farmers & Merchants Bank*, 904 F.2d 627, 630 (11th Cir. 1990) (quotation marks omitted). Here, in the order of March 28, 2016, the district

---

[4] Mr. Lyons states in the conclusion of his brief that we should declare that Local Rule 7.2(E) is unconstitutionally vague, but does not provide any statutory or case law to support his position. We therefore do not consider this argument. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (finding that when an appellant only makes a brief reference to a claim or raises the claim without "supporting arguments or authority," he abandons the claim).

court denied Mr. Lyons' third motion to extend the time to respond, and in the order of May 2, 2016, the district court denied Humana's motion to dismiss without prejudice, but granted Human's motion to compel discovery and for attorney's fees. Neither order was a final judgment, so Rule 60(b) does not apply. *See Mullins v. Nickel Plate Mining Co.*, 691 F.2d 971, 974 (11th Cir. 1982) ("Rule 60(b) applies only to final judgments.").

Mr. Lyons' motion to reconsider the order of June 9, 2016, although timely, was also properly denied. In his motion for reconsideration, Mr. Lyons included arguments he had already made in prior motions, only adding the allegation of his counsel's low blood pressure. Mr. Lyons did not provide a reason why he did not previously raise that allegation. *See Fults v. GDCP Warden*, 764 F.3d 1311, 1318 (11th Cir. 2014) (holding that the district court did not abuse its discretion in denying petitioner's motion for reconsideration because he did not give the court a reason why he failed to raise an issue earlier); *Wilchombe*, 555 F.3d at 957 (noting that a motion for reconsideration cannot be used for "new arguments that were 'previously available, but not pressed'"). Furthermore, as explained above, the district court acted within its discretion in dismissing Mr. Lyons' case as a sanction in the order of June 9, 2016, so Mr. Lyons could not show that the district court made any legal error.

11

**V**

Because the district court's dismissal of Mr. Lyons' suit with prejudice and denial of his motion for reconsideration were within its discretion, we affirm.

**AFFIRMED.**